IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTINA LYNN HAMMOND                                PLAINTIFF

v.                      Civil No. 06-3057

SONIC RESTAURANT OF MOUNTAIN
HOME; ADRIAN WOODBURY; JAMES
JARRET; and MIKE HOUCHEN                           DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christina Lynn Hammond brings this employment discrimination action pursuant to Title VII, 42 U.S.C. § 2000e. Her complaint was provisionally filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants. On November 2, 2006, the undersigned entered an order (Doc. 4) directing the plaintiff to sign and return an addendum to her complaint. The court received the addendum (Doc. 5) on November 15, 2006.

### **I. Background**

Christina Lynn Hammond filed this action on September 18, 2006. She named as defendants the Sonic Restaurant of Mountain Home, Adrian Woodbury, James Jarret, and Mike Houchen. She contends each of the individually named defendants discriminated against her.

Hammond was employed as a car-hop at the Sonic Restaurant of Mountain Home from September 29, 2005, until her discharge on January 22, 2006. *Addendum* at ¶ 1 & ¶ 2.

Hammond maintains James Jarret sexually propositioned her and a co-worker "Scotty" sexually harassed her. *Complaint* at ¶ 5 & *Addendum* at ¶ 3. Adrian Woodbury is the manager of Sonic. *Addendum* at ¶ 3. Hammond maintains Woodbury discriminated against her by failing to investigate her allegations of sexual discrimination and by discharging her. *Id.* James Jarret

is the assistant manager. *Id.* Hammond maintains Jarret attempted to cover up the sexual harassment by "Scotty" and also propositioned her and other workers. *Id.*

Hammond indicates Mike Houchen is the district manager. *Addendum* at ¶ 3. Hammond states the sexual harassment was reported to Houchen but he later denied it was reported to him. *Id.* Moreover, Hammond asserts she overheard Houchen telling Woodbury to get rid of her. *Id.*

## II. Discussion

The Eighth Circuit has held that supervisors may not be individually held liable under Title VII. *See e.g., Lee v. State of Minnesota, Dept. of Commerce*, 157 F.3d 1130 (8th Cir. 1998); *Spencer v. Ripley County State Bank*, 123 F.3d 690 (8th Cir. 1997); *Bonomolo-Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997). For this reason, all claims against the Adrian Woodbury and James Jarret should be dismissed. *Lee*, 157 F.3d at 1135; *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998)(the district court had properly held a Wal-Mart employee named as a defendant could only be liable in his capacity as an employee of Wal-Mart).

Mike Houchen was identified in the right to sue notice issued by the Equal Employment Opportunity Commission as the managing partner of the Sonic Restaurant of Mountain Home. Therefore, the court believes it is appropriate to leave him named as a defendant in his capacity as managing partner.

## III. Conclusion

I therefore recommend that all claims against Adrian Woodbury and James Jarret be dismissed.

**Hammond has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. Hammond is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of November 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE